```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JACQUELINE POINDEXTER,

                    Plaintiff,                13 Civ. 5882

     -against-                                 OPINION

CASH MONEY RECORDS,

                    Defendant.

------------------------------------------X
```

A P P E A R A N C E S:



**PRO SE**

JACQUELINE POINDEXTER
153-27 120 Avenue
Jamaica, NY 11434

**ATTORNEYS FOR DEFENDANT**

SHAPIRO, ARATO & ISSERLES LLP
500 Fifth Avenue, 40th Floor
New York, NY 1010
By:  Cynthia S. Arato, Esq.
     James Darrow, Esq.

**Sweet, D.J.**

Defendant Cash Money Records ("Cash Money" or the "Defendant") has moved to designate the instant action initiated by <u>pro se</u> plaintiff Jacqueline Poindexter ("Poindexter" or "Plaintiff") as related to an action filed by Robert Poindexter, <u>Robert Poindexter v. Cash Money Records</u>, No. 13 Civ. 1155 (RWS) ("Robert Poindexter Action") pursuant to Rule 13 of the Local Rules for the Division of Business among District Judges ("Division Of Business Rules") and to stay the instant action. The instant action relates to a complaint filed by Plaintiff on August 20, 2013 ("Complaint"). Based on the reasoning below, Defendant's motions to designate the instant action as related to the Robert Poindexter Action and for a stay are granted.[1]

**Prior Proceedings**

The Complaint alleges that a sound recording and the underlying musical composition that she, respectively, co-produced and co-wrote were sampled without authorization in a

---

[1] The instant motions are before me with the consent of the Honorable Analisa Torres.  <u>See</u> Rule 13 of the Division Of Business Rules.

1

recording by an artist known as Bow Wow released by the Defendant.

The Complaint alleges that the Plaintiff is a songwriter and music producer and the Defendant, Cash Money, "is in the business of recording, selling and distributing [p]honograph [r]ecords." (Compl. ¶ 2). The Complaint concerns a recording titled "Still Ballin," contained on an alleged "album" titled "Green Light 3," by the artist Shad Gregory Moss, professionally known as Bow Wow. (Compl. ¶ 4). It alleges that "Still Ballin" contains an unauthorized sample of a musical composition and sound recording titled "Love Gonna Pack Up and Walk Out (Love Gonna Pack Up)," which infringes Plaintiff's alleged rights in these works.

The Complaint alleges that Poindexter co-wrote the musical composition "Love Gonna Pack Up," and co-produced a "classic" recording of that work in 1972, performed by the recording group The Persuaders. (Id. ¶¶ 4-5). The Complaint notes that she is "not now the copyright owner" of "Love Gonna Pack Up," (id. at 4, ¶ 10), but that "a written agreement exists with the copyright owner Warner/Chappell[Music]" – a music publishing company – "granting [Poindexter] the right to personally file such a complaint as this," (id.). The Complaint

2

alleges a right to file a complaint under the Copyright Act and the United States Constitution. (Id.).

Cash Money is alleged to have released the recording in dispute. (See, e.g., id. ¶ 4 (alleging that "Cash Money sampled" "Love Gonna Pack Up" "into it's [sic] ... recording 'Still Ballin'"); id. ¶ 6 (that '[t]he illegal usage is that Cash Money did not acquire authorization, to use the legal version")).

On November 19, 2013, Defendant submitted a letter ("Defendant's November 19, 2013 Letter") requesting for Plaintiff's action to be designated as related to the Robert Poindexter Action and the instant action stayed pending resolution of Defendant's motion to dismiss in the Robert Poindexter Action. In a letter dated November 21, 2013, Plaintiff objected to Defendant's request to designate this action as related to the Robert Poindexter action ("Plaintiff's November 21, 2013 Letter"). On December 27, 2013, Defendant submitted a letter ("Defendant's December 27, 2013 Letter") indicating that it believed Plaintiff did not submit an opposition to Defendant's November 19, 2013 Letter and motions requested therein. Plaintiff responded on January 6, 2014 via letter ("Plaintiff's January 6, 2014 Letter"), indicating that

3

she wished for the Plaintiff's November 21, 2013 Letter to be treated as an opposition to Defendant's November 19, 2013 Letter. Defendant submitted a letter on January 14, 2014 ("Defendant's January 14, 2014 Letter"), in reply to Plaintiff's January 6, 2014 Letter, contesting whether Plaintiff did actually oppose Defendant's motions.

The instant motions were marked fully submitted on January 15, 2014.

**The Instant Action Is Related To The Robert Poindexter Action**

Defendant sought pursuant to Rule 13 of the Division of Business Rules to designate the instant action as related to the Robert Poindexter Action. Rule 13(a) states:

> Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses . . . .

4

There is no substantive difference between the Complaint here and the complaint in the Robert Poindexter Action. They each allege that a sound recording and underlying composition that the Poindexters, parties who have the same address in Queens, claim to have co-produced and co-written was sampled without authorization in a recording by Bow Wow. (*Compare* Compl. ¶¶ 1, 4-6 *with* Robert Poindexter v. Cash Money Records, No. 13 Civ. 1155 (RWS), slip. Op. (S.D.N.Y. Mar. 3, 2014) (the "March 3, 2014 Opinion" or "Opinion")). Indeed, the complaints are virtually identical. (*Compare* Compl. *with* Complaint, Robert Poindexter v. Cash Money Records, No. 13 Civ. 1155 (RWS), ECF. No. 1 ("Robert Poindexter Complaint")). Substantial portions of Robert Poindexter's complaint are reproduced verbatim in the instant Complaint. (*Id.*). Given the similarity of these actions, a substantial saving of judicial resources would result from having both cases proceed before the same court and judge. Moreover, Defendant would not have to defend the case on two fronts that would unnecessarily increase its litigation expenses. As such, the instant action and the Robert Poindexter Action are related cases pursuant to rule 13 of the Division of Business Rules, and the two are consolidated. See, e.g., Merriweather v. Sherwood, No. 77 Civ. 3421(AGS), 2002 WL 1066755, at *6 (S.D.N.Y. May 28, 2002) (consolidating and

5

designating as related two cases given the substantial overlap between them).

**Conclusion**

Based on the reasoning above, Defendant's motion to designate the instant action as related to the Robert Poindexter Action is granted.

The March 3, 2014 Opinion dismissed the complaint in the Robert Poindexter Action pursuant to Rule 12(b)(6). Since the Complaint and the Robert Poindexter Complaint contain virtually identical allegations the Court, in an effort to administer its docket, is prepared to dismiss the Plaintiff's Complaint sua sponte unless an opposition is filed within twenty days. Accordingly, Defendant's motion for a stay is granted pending resolution of this issue.

It is so ordered.

**New York, NY**
**April 8, 2014**

_____
ROBERT W. SWEET

6