UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JACQUELINE POINDEXTER,

                    Plaintiff,                   13 Civ. 5882

    -against-                          OPINION

CASH MONEY RECORDS,

                    Defendant.

------------------------------------------X

A P P E A R A N C E S:

### PRO SE

        JACQUELINE POINDEXTER
        153-27 120 Avenue
        Jamaica, NY 11434

### ATTORNEYS FOR DEFENDANT

        SHAPIRO, ARATO & ISSERLES LLP
        500 Fifth Avenue, 40th Floor
        New York, NY 1010
        By:  Cynthia S. Arato, Esq.
            James Darrow, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|5|14

**Sweet, D.J.**

Pro se plaintiff Jacqueline Poindexter ("Poindexter" or "Plaintiff") has submitted a letter, see Jacqueline Poindexter v. Cash Money Records, No. 13 Civ. 5882, ECF. No. 23, in response to this Court's opinion and order dated April 8, 2014, Poindexter v. Cash Money Records, 13 CIV. 5882, 2014 WL 1383781 (S.D.N.Y. Apr. 8, 2014) (the "April 8 Opinion"), which granted defendant Cash Money Records' ("Cash Money" or the "Defendant") motion to designate the instant action as related to an action filed by Robert Poindexter, see Robert Poindexter v. Cash Money Records, No. 13 Civ. 1155 (the "Robert Poindexter Action"), and ordered an opposition from Plaintiff or face dismissal sua sponte of the complaint filed by Plaintiff in the instant action on August 20, 2013 ("Complaint"). The April 8 Opinion entered the order against Plaintiff as the Robert Poindexter Action, found related to the instant action, was dismissed via an opinion and order on March 3, 2014. Poindexter v. Cash Money Records, 13 CIV. 1155, 2014 WL 818955 (S.D.N.Y. Mar. 3, 2014) (the "March 3 Opinion").

Based on the reasoning set forth below, the Complaint is dismissed sua sponte.

**Prior Proceedings**

1

The Complaint alleges that a recording titled "Still Ballin" contains an unauthorized sample of a musical composition and sound recording titled "Love Gonna Pack Up and Walk Out (Love Gonna Pack Up)," which infringes Plaintiff's alleged rights in these works. A detailed recitation of the facts alleged in the Complaint and complaint filed in the Robert Poindexter Action (the "Robert Poindexter Complaint") is provided in the March 3 and April 8 Opinions. Familiarity with those allegations is assumed.

In the March 3 Opinion, the Robert Poindexter Action was dismissed on collateral estoppel and summary judgment grounds. *See* March 3 Opinion, 2014 WL 818955, at *7. Subsequently, the April 8 Opinion found the instant action to be related to the Robert Poindexter Action. The Robert Poindexter Complaint and Complaint are virtually identical. *See* April 8 Opinion, 2014 WL 1383781, at *2. Given the similarity of the two complaints, the April 8 Opinion ordered the Plaintiff to file an opposition to a potential *sua sponte* dismissal within twenty days. *Id.*

Plaintiff submitted a letter motion on April 17, 2014 (the "April 17 Letter") in opposition to the potential *sua sponte* dismissal. The April 17 Letter contends that: (1) the instant action should not be dismissed before the appeal in the Robert

2

Poindexter Action is heard; (2) Plaintiff has a right to personally file a lawsuit for infringement; (3) that a prior proceeding, *Poindexter v. Jackson*, No. 12 Civ. 1638, constitutes "new evidence in this case" or allows Plaintiff to "submit ... an amended complaint"; and (4) Defendant's attorneys violated ethical rules when it did not make this Court aware of the *Poindexter v. Jackson* case. Plaintiff, in a letter dated May 2, 2014, also submitted a video of the allegedly infringing work, as well as requested a subpoena of the settlement agreement in *Jackson*.

The motion was marked fully submitted on June 25, 2014.

**The Applicable Standards**

*Sua sponte* dismissals may be appropriate in some circumstances, *see Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (citing *Robins v. Rarback*, 325 F.2d 929 (2d Cir. 1963), *cert. denied*, 379 U.S. 974, 85 S.Ct. 670, 13 L.Ed.2d 565 (1965); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966); Fed.R.Civ.P. 12(e), particularly in cases involving frivolous *in forma pauperis* complaints, see 28 U.S.C. § 1915(d); 2A Moore's Federal Practice § 12.07 [2.—5] (1987). However, a court must

3

extend a certain measure of deference in favor of *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (per curiam). The court must use caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of the plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Nonetheless, a court has an obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (a district court may dismiss a frivolous complaint sua sponte notwithstanding the fact that the plaintiff paid the statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (a district court has the power to *sua sponte* dismiss a case for failure to state a claim); *Robinson v. Brown*, No. 11-CV-0758, 2012 WL 6799725, at *19 (N.D.N.Y. Nov. 1, 2012) ("The law in this circuit is that a district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee") (citations omitted), *report and recommendation adopted*, 2013 WL 69200 (N.D.N.Y. Jan.4, 2013); *Tuitt v. Chase*, 9:11-CV-0776 DNH/TWD, 2014 WL 2927803 (N.D.N.Y. June 27, 2014) ("[T]here is a responsibility on the court to determine that an action states a claim and that the claim is

4

not frivolous before permitting a party to continue proceeding *in forma pauperis*.").

**The Complaint Is Dismissed**

The Complaint is identical to the Robert Poindexter Complaint, which was dismissed in the March 3 Opinion. The March 3 Opinion first held that Robert Poindexter was barred by collateral estoppel from raising the issue of his ownership of the recording "Love Gonna Pack Up and Walk Out (Love Gonna Pack Up)," the same recording at issue in the Complaint, based on the opinion of Honorable Laura Taylor Swain in *Poindexter v. EMI Record Group Inc.*, No. 11 Civ. 559(LTS)(JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012). Second, the March 3 Opinion granted Defendant's motion for summary judgment as "Cash Money had no involvement" in the recording underlying the complaints for "Still Ballin" was self-released by the artist Shad Gregory Moss, professionally known as Bow Wow ("Bow Wow"), and not Cash Money.

With respect to collateral estoppel in the instant action, the Defendant did not challenge Poindexter's standing and whether her claim was barred based on *res judicata*. However, "collateral estoppel binds not only the actual parties to a lawsuit, but also their privies." *Fulani v. Bentsen*, 862 F. Supp.

5

1140, 1148 (S.D.N.Y. 1994); *see also M.O.C.H.A. Society, Inc. v. City of Buffalo*, 689 F.3d 263, 284 (2d Cir. 2012) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002))). The doctrine of privity extends the *res judicata* effect of a prior judgment to nonparties who are in privity with the parties in the first action. *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 640 (2d Cir. 1987). Robert Poindexter is married to Plaintiff, and he has represented that he was authorized to discuss his wife's settlement on her behalf to counsel for Defendant. *See* Robert Poindexter Action, No. 13 Civ. 1155, ECF No. 38. Consequently, privity does exist between Robert Poindexter and Plaintiff.

Moreover, the reasoning behind barring the Robert Poindexter Action for collateral estoppel and in *EMI* applies equally to Plaintiff. Judge Swain found in *EMI* that Robert Poindexter lacked standing to sue for infringement of his alleged recording based on the terms of a 1998 agreement between Plaintiff and his co-producers, on the one hand, and Atlantic Recording Corporation, on the other (the "1998 Agreement"), and that Robert Poindexter's "ownership rights in the masters" were "foreclose[d]"

6

by the 1998 Agreement and applicable law. *EMI*, 2012 WL 1027639, at *3. The Complaint alleges that Plaintiff has "a written agreement with the copyright owner(s) granting me the right to personally file" a complaint alleging copyright infringement, *see* Complaint ¶ 10, a phrase also used in the Robert Poindexter Complaint, *see* Robert Poindexter Complaint ¶ 10. Robert Poindexter was unable to provide an agreement separate from the 1998 Agreement that provides him with any ownership rights over "Love Gonna Pack Up and Walk Out (Love Gonna Pack Up)," and Plaintiff similarly has not provided evidence of any agreement that establishes ownership rights over the song in lieu of the 1998 Agreement. Given the privity between Robert Poindexter and Plaintiff, the reasoning given in *EMI* and the March 3 Opinion apply equally to Plaintiff here, and Poindexter is barred from bringing the instant action on collateral estoppel grounds.

The March 3 Opinion also dismissed the Robert Poindexter Action on summary judgment grounds based on the evidence provided by the Defendant indicating that Bow Wow was solely responsible for the song "Still Ballin" and the lack of evidence indicating that Cash Money had any involvement with respect to the allegedly infringing work. March 3 Opinion, 2014 WL 818955, at *8. Plaintiff has provided the music video in which Defendant's logo was displayed at the beginning of the video. She contends that the

7

inclusion of this video is sufficient to establish that Cash Money was involved in the infringing work. However, as previously noted in the March 3 Opinion, "the presence of this logo" and "[t]he logo, by itself, is insufficient to establish Cash Money's participation in the creation or release of the work." *Id.* The video is not new evidence and does not show Cash Money's involvement with "Still Ballin." The Complaint and Plaintiff's claims against Cash Money is no different from the claims in the Robert Poindexter Complaint, and the Complaint in this action must be dismissed on the same grounds.

Plaintiff contends that the Complaint should not be dismissed because she does have standing to sue for infringement. Notwithstanding Plaintiff's standing, the reasoning behind the dismissal of the Robert Poindexter Complaint on summary judgment grounds applies equally to Plaintiff's Complaint.

Similarly, Plaintiff's contention that the Complaint should not be dismissed until the appeal in the Robert Poindexter Action is heard is mistaken. Plaintiff's case, if dismissed at this time, can be consolidated with the Robert Poindexter Action and its appeal. *See* No. 14-788-CV (2d Cir. Filed Mar. 14, 2014)).

8

The *Jackson* case raised by Plaintiff has no bearing in the instant matter. The *Jackson* case was settled and discontinued without prejudice prior to the filings of any motions to dismiss or opinions. *See* No. 12 Civ. 1638, ECF No. 18. No settlement agreement was filed, and no copy of the agreement exists with this Court. The case involved a different defendant, and Plaintiff has not given any discernible reason as to why the *Jackson* settlement is dispositive here. As such, there is no legal significance to this settlement. Moreover, the Complaint is to be dismissed on other grounds, and Plaintiff's request for a subpoena of the *Jackson* settlement agreement is denied given the absence of any compelling reason for such a subpoena.

**Conclusion**

Based on the conclusions set forth above, the Complaint is dismissed without prejudice *sua sponte*. Leave is granted to replead an amended complaint within 20 days.

It is so ordered.

Dated:    New York, New York
          July 30 2014

Robert W. Sweet, U.S.D.J.

10