```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JACQUELINE POINDEXTER,

                Plaintiff,              13 Civ. 5882

      -against-                         OPINION

CASH MONEY RECORDS,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

    PRO SE

    JACQUELINE POINDEXTER
    153-27 120 Avenue
    Jamaica, NY 11434


    ATTORNEYS FOR DEFENDANT

    SHAPIRO, ARATO & ISSERLES LLP
    500 Fifth Avenue, 40th Floor
    New York, NY 1010
    By: Cynthia S. Arato, Esq.
        James Darrow, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-18-14

**Sweet, D.J.**

Defendant Cash Money Records ("Cash Money" or the "Defendant") has submitted a letter dated August 6, 2014 (the "August 6 Letter") requesting for clarification or, in the alternative, reconsideration of the Opinion and Order issued in this instant action filed on August 5, 2014 (the "Order"), No. 13 Civ. 5882, ECF. No. 34. The Order dismissed the complaint (the "Complaint") filed by *pro se* plaintiff Jacqueline Poindexter ("Poindexter" or "Plaintiff") *sua sponte* and granted Plaintiff leave to replead an amended complaint within 20 days of the filing of the Order. Defendant contends that given the grant of summary judgment in a related action, *Poindexter v. Cash Money Records*, No. 13 Civ. 1155, ECF No. 45 (the "Robert Poindexter Action"), and subsequent *sua sponte* dismissal in the Order, Plaintiff should not be given leave to replead.

Based on the reasoning set forth below, the Defendant's motion is denied

**Prior Proceedings**

The Complaint and Amended Complaint filed on August 25, 2014 (the "AC") allege that a recording titled "Still Ballin"

1

contains an unauthorized sample of a musical composition and sound recording titled "Love Gonna Pack Up and Walk Out (Love Gonna Pack Up)" ("*Love Gonna Pack Up*"), which infringes Plaintiff's alleged rights in these works. A detailed recitation of the facts alleged in the Complaint, the AC, and complaint filed in the Robert Poindexter Action (the "Robert Poindexter Complaint") is provided in the opinions and orders filed on March 3, 2014, *Robert Poindexter v. Cash Money Records*, 13 Civ. 1155, 2014 WL 818955 (S.D.N.Y. Mar. 3, 2014) (the "March 3 Opinion"), and April 8, 2014, *Jacqueline Poindexter v. Cash Money Records*, 13 Civ. 5882, 2014 WL 1383781 (S.D.N.Y. Apr. 8, 2014) (the "April 8 Opinion"). Familiarity with the allegations set forth in those opinions is assumed.

The March 3 Opinion held that Robert Poindexter was barred by collateral estoppel from raising the issue of his ownership of the recording *Love Gonna Pack Up*, the same recording at issue in the Complaint and AC, based in part on the opinion of Honorable Laura Taylor Swain in *Poindexter v. EMI Record Group Inc.*, No. 11 Civ. 559(LTS)(JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012), and granted Defendant's motion for summary judgment as "Cash Money had no involvement" in the recording underlying the complaints, for "Still Ballin" was self-released by the artist

2

Shad Gregory Moss, professionally known as Bow Wow ("Bow Wow") and not Cash Money.

The April 8 Opinion found the instant action to be related to the Robert Poindexter Action. The Robert Poindexter Complaint and Complaint are virtually identical. *See* April 8 Opinion, 2014 WL 1383781, at *2. Given the similarity of the two complaints, the April 8 Opinion ordered the Plaintiff to file an opposition to a potential *sua sponte* dismissal within twenty days. *Id.* The Order subsequently dismissed the Complaint *sua sponte*. *See* Order at 5-8.

Defendant submitted the August 6 Letter seeking clarification or, in the alternative, reconsideration of the portion of the Order which granted Poindexter leave to replead. Cash Money contends that since the March 3 Opinion dismissed the Robert Poindexter Action on summary judgment grounds Plaintiff should be barred from pleading an amended complaint. Plaintiff subsequently filed the AC on August 25, 2014. Treating the letter as a motion, the matter was marked fully submitted on September 3, 2014.

**The Applicable Standard**

Under Local Rule 6.3, a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007)); *see also Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Reconsideration of a court's prior order under Local Rule 6.3 or Fed. R. Civ. P. 59(e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650(RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). Accordingly, the standard of review applicable to such a motion is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court

4

overlooked controlling decisions or material facts that were before it on the original motion, and that might "'materially have influenced its earlier decision.'" *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97-690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple, ... and [the court] [should] not consider facts not in the record to be facts that the court overlooked." *Rafter v. Liddle*, 288 Fed. App'x 768, 769 (2d Cir. 2008) (citation and quotation marks omitted). It "is not an opportunity to renew arguments that the court considered and rejected, nor is it a chance for a party to re-argue a motion

5

because it is dissatisfied with the original outcome." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, No. 06-12967, 2008 WL 2414047, at *1 (S.D.N.Y. June 12, 2008). Thus, a court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*, 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and quotation marks omitted).

**Cash Money's Motion Is Denied**

The August 6 Letter has provided no grounds for reconsideration. Consequently, Cash Money's motion is denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

6

In addition, the Order granted Plaintiff leave to replead after the March 3 Opinion dismissed a related action on summary judgment grounds but prior to discovery. Federal Rules of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). It is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

The Complaint was dismissed *sua sponte* based on the same reasoning summary judgment was granted to Cash Money in the March 3 Opinion. However, a certain measure of deference must be afforded to *pro se* litigants. *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 93 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (internal quotations omitted)); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) ("'[A] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation,' and hence 'courts are, for example, to construe a pro se litigant's pleadings and motions liberally.'" (quoting *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008))). Permitting Plaintiff leave to replead an amended complaint despite the *sua sponte* dismissal of the Complaint is well within the

latitude of deference a court can afford a *pro se* party even if dismissal was based on summary judgment grounds. *See, e.g.*, *Hanlin v. Mitchelson*, 794 F.2d 834, 840-41 (2d Cir. 1986) (recognizing that the granting of a prediscovery summary judgment motion need not preclude a court from granting leave to amend the complaint even where the new claim arises "from the same set of operative facts as the original complaint"); *Tobin v. Gluck*, Nos. 07-CV-1605 (MKB), 11-CV-3985 (MKB), 2014 WL 1310347, at *12-14 (E.D.N.Y. Mar. 28, 2014) (allowing plaintiff leave to amend complaint after granting defendants' summary judgment motion); *Fitzgerald v. First East Seventh St. Tenants Corp.*, No. 96 CIV. 0126, ECF No. 8 (S.D.N.Y. Mar. 15, 1996) (dismissing the complaint *sua sponte* but granting leave to replead).

**Conclusion**

Based on the conclusions given above, Cash Money's motion is denied.

It is so ordered.

Dated:   New York, New York
         September 17 2014

                                    _____
                                    Robert W. Sweet, U.S.D.J.